[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS:
The Plaintiff, Michael R. Nesta Construction, Inc., of Somers, performed work on real estate owned by the Defendants, Leroy T. Foucher and Cynthia Foucher, of Stafford Springs. This work was performed between January 16, 1990 and July 16, 1990. The work was performed pursuant to a written contract introduced at trial as Plaintiff's Exhibit A. The contract provided that the contractor would
 ". . . perform the following in a workmanlike manner in accordance with all industry standards and all applicable building codes. . . ."
The contract provided a total contract price of $51,994.00. After change orders the Defendants were to pay the Plaintiff the sum of $59,563.10. The Defendant's have paid the Plaintiff $54,660.00.
On September 25, 1990, the Plaintiff filed a Mechanic's Lien to secure the claimed balance of $4,903.10. A Certificate evidencing this lien was recorded in Volume 279, Page 1 of the Somers' Land Records.
It appeared at trial to be essentially undisputed that if the Plaintiff had in all respects performed in accordance with the contract he would be entitled to a balance of $4,903.10.
The Defendants filed an Answer on October 15, 1991, denying that any money was due and in addition filed counterclaims claiming defective work.
It should also be noted that the Defendants counterclaim asked for attorney's fees. The Plaintiff's motion to strike this claim, because of the absence of a contractual or statutory authorization, was granted by consent prior to trial.
FINDING OF THE COURT
Although there were occasional references to other defects, particularly a defective furnace installation, the Court finds that there were nine matters in which the evidence requires the Court to determine whether or not there CT Page 4190 was defective work. The possible defects concerned: 1) the concrete slab; 2) the adequacy of the construction and support of the deck; 3) the installation of the toilet; 4) the installation of fire code sheet rock between the garage and the residence; 5) water damage to the ceiling because of alleged leaks; 6) the installation of a fire rated steel door; 7) the removal of existing stool and aprins from three windows; 8) the adjustment of a belt on a house fan; and 9) the installation of a new lock set on a porch door.
The cost of repair of these items was presented to the Court in a letter from B C Builders, dated April 16, 1993, admitted as Defendant's Exhibit 19. A letter or report from Charles Rinaldi concerning the same nine items was presented by the Plaintiff and marked for identification, but excluded by the Court because of objections concerning prior disclosure of experts. Mr. Rinaldi was allowed to testify concerning the cost of repairs but was not allowed to testify concerning the need for individual repairs.
The Court finds that the Defendants did not prove that the water damage was caused by the defective work of the Plaintiff.
The Court finds on the Defendants' remaining counterclaims as follows: for the slab, $520; for the deck, $757.20; for the toilet, $315; for the sheetrock, $275; for the door, $250; for the stool and aprin, $245; for the belt, $15; and for the lock set, $30. The Court finds the total proven counterclaim to be $2,407.20. Accordingly, the Court reduces the Plaintiffs claim of $4,903.10 by the $2,407.20 allowed on the counterclaim and enters a final judgment in favor of the Plaintiff and finds the debt on the Mechanic's Lien to be $2,498.90.
BY THE COURT,
Kevin E. Booth Judge, Superior Court CT Page 4191